HEZEKIAH B. WILBURN v. GEORGE P. COLOGERO.

[52 South. 794.]

1. REPLEVIN.  *Judgment.*  *Necessity for ascertaining value.*

A judgment for plaintiff in replevin taken by default without writ of inquiry to ascertain the value of the property is erroneous.

2. SAME.  *Value of property.*  *Prima facie evidence.*  *Code* 1906, § 4221.

Under Code of 1906, § 4221, so providing, the valuation of the property made by the officer in his return on the writ is *prima facie* evidence of the correct value of the property.

FROM the circuit court of Monroe county.

HON. JOHN H. MITCHELL, Judge.

Cologero, appellee, was plaintiff in the court below; Wilburn, appellant, was defendant there.  From a judgment in plaintiff's favor taken by default without writ of inquiry defendant appealed to the supreme court.

The action was replevin for a mule.  The writ was served upon the defendant and the mule seized thereunder and valued by the officer at $45.  The defendant gave a replevin bond for the sum of $170 and the possession of the mule was restored to him.  The judgment in the circuit court (the case having been tried in a justice of the peace's court and appealed therefrom) was for the plaintiff by default and fixed the value of the mule at the sum of $75.

*Leftwich & Tubb,* for appellant.

When a plaintiff seeks to obtain a judgment by default, the record must show that he affirmatively complied with the very letter of the law.

The lower court not only granted a judgment by default without the empaneling of a jury, but in palpable violation of Code

1906, § 4233, assessed the value of the property without any evidence to sustain the value fixed in the judgment, and without empaneling a jury and granting a writ of inquiry to assess the value of the property bonded and taken in replevin as required by the above code section. Sundry rules for assessing the value of property taken in a similar proceeding are enforced in other courts, but with us the rule is established by statute that the officer's valuation is *prima facie* evidence of the value of the property. Code 1906, § 4221.

The affidavit of plaintiff in replevin valued the animal replevied at seventy-five dollars, but the officer, in his return, fixed the value at forty-five dollars; and this is the only competent evidence of the value in the record, and the only evidence that the trial court could hear as to its value, and when the trial court ignored the valuation and took a different value, it committed error. It is true that when the defendant offered to give replevin bond and take the animal, the officer demanded and took a bond for one hundred and seventy dollars, which could only be justified on a valuation of eighty-five dollars, and the bond recited the value to be seventy-five dollars, following, of course, the value of the animal as set forth in the affidavit of plaintiff. All of these valuations pass out of consideration, however, and the only value that the trial court and the jury, if one had been empaneled, could have made, would have been that fixed by the valuation returned by the officer, namely, forty-five dollars. *Sparks v. Hobson,* 83 Miss. 124.

The jury must assess the value of the property, and it is fatal error not to render judgment in the alternative when the statute requires it. Shinn on Replevin, §§ 621, 623, 659, 661; Wells on Replevin, § 772.

There can be no entry of judgment for value unless there has been an assessment of the value by the jury as required by Code 1906, § 4233, in Mississippi, and the jury must assess

the value of each article separately, so the defendant may retain and pay for any article he desires and if any article perishes he can account for that article according to its valuation. Shinn on Replevin, § 622; *Whitfield v. Whitfield,* 40 Miss. 369.

A judgment by a jury fixing the value of the property taken in replevin is no mere form, but it is an essential requisite of a valid judgment, for the effect of the judgment is, when payment is made for the article sought to be recovered according to the valuation fixed in the judgment and verdict, to transfer the title of the property to the party against whom the judgment is rendered, when payment is made by him. Wells on Replevin, § 779; *Russell v. McDougal,* 3 S. & M. 234; *York v. Crawford,* 42 Miss. 508; *Jenkins v. Wilkinson,* 76 Miss. 368; *Bates v. Schneider,* 59 Miss. 497.

*L. P. Haley,* for appellee.

Judgments by default may be had in replevin as in other civil actions. A judgment by default in replevin for more than the amount claimed　*　*　*　may be permitted to stand upon remission of the surplus. 34 Cyc. 1543. In this case, the judgment in the trial court was entered in strict accordance with Code 1906, § 4233. As to the value of the mule, the appellant is estopped from denying that seventy-five dollars is the value, because he gave bond for one hundred and seventy dollars, which is more than double the value of the property. Besides, this judgment is for the recovery of the mule, an action of replevin being one *in rem.* The payment by appellant of the seventy-five dollars mentioned in the judgment is in the nature of a penalty for failure to return the mule.

The valuation of property by the officer in his return is only *prima facie* evidence of the value of the property, Code 1906, § 4211, and is not controlling as against superior evidence, for

instance, the execution of the $150 bond in this case, showing
the mule to have been worth seventy-five dollars.

WHITFIELD, C.

The judgment by default was erroneously rendered without
the ascertainment by a writ of inquiry of the value of the mule.
The officer's valuation was *prima facie* evidence of the value
of the property, and his estimate was forty-five dollars, and yet
the judgment by default is for seventy-five dollars. See section
4221 of the Code of 1906.

PER CURIAM. The above opinion is adopted as the opinion
of the court; and for the reasons therein stated, the judgment
is reversed, and the cause remanded.